IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KWESELE K. MULAPI, A28 126 794 | * | |
| Petitioner, | * | |
| v. | | CIVIL ACTION NO. RDB-09-2242 |
| | * | |
| IRA SHOCKLEY | | |
| | * | |
| Respondent. | | |
| | *** | |

## MEMORANDUM OPINION

Petitioner claims he has been in Immigration and Customs Enforcement ("ICE") post-removal-order detention since December 4, 2008. He filed this 28 U.S.C. § 2241 Petition for habeas corpus relief on August 26, 2009, seeking immediate release from confinement under 8 U.S.C. 1231(a)(6). (Paper No. 1). Because he appears indigent, his Motion for Leave to Proceed *In Forma Pauperis* shall be granted. For reasons to follow, however, the Petition shall be dismissed.

Background

On August 31, 2009, Respondent filed a Preliminary Response and Notice of Intent to Remove. (Paper No. 2). He states that Petitioner is a native and citizen of the Congo who was admitted to the United States in 1996. On February 28, 2007, Petitioner was convicted of possession of a controlled substance in the Criminal Court of Fairfax County, Virginia. (Id., Ex. A). On February 13, 2009 an Immigration Judge found Petitioner removable as an "alien convicted of violating any law relating to a controlled substance," in violation of 8 U.S.C. § 1227(a)(2)(B)(i). (*Id.*). He was ordered removed to the Congo. Petitioner did not file a Notice of Appeal to the Board of Immigration Appeals. He was taken into ICE custody on December

1

4, 2008.  Respondent claims that ICE has received a travel document from the Congolese Embassy authorizing Petitioner's repatriation.  (Paper No. 2, Ex. A).  Petitioner is scheduled to be removed to the Congo on or around September 9, 2009.  (*Id*., Ex. B).

## Standard of Review

The only issue pending before this district court concerns the reasonableness of Petitioner's continued post-removal-order detention.  After a removal order becomes final, ICE must detain the alien until he is removed for up to ninety days (the "removal period").  *See* 8 U.S.C. § 1231(a)(2).  Although § 1231(a)(6) appears to authorize discretionary indefinite detention of a removable alien beyond such period, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under 8 U.S.C § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.[1]  In sum, the Court found that after an order of deportation became final, an alien may be held for a six-month period.  After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

---

[1] The Government in *Zadvydas* argued that indefinite detention was permitted by the statute. *See Zadvydas*, 533 U.S. at 690-91.  The Supreme Court explicitly disagreed. *Id.; accord, e.g., Ly v. Hansen,* 351 F.3d 263, 269 (6th Cir. 2003) ("While it is true that a removable alien has no right to be in the country, it does not mean that he has no right to be at liberty.  *Zadvydas* established that deportable aliens, even those who had already been ordered removed, possess a substantive Fifth Amendment liberty interest, and that the interest was violated by indefinite detention").

*Zadvydas*, 533 U.S. at 700.  The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id*. at 697-99.  In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose.  *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable).  *Zadvydas* holds that post-removal-order detention under 8 U.S.C. § 1231(a)(6) does not authorize the Attorney General to detain an alien indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  *Zadvydas,* 533 U.S. at 689.  After six months of post-removal-order detention, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 700-01.  If the Government response fails, the petitioner may be entitled to release from detention.  *Id*.

Analysis

Petitioner has the burden of proving that removal is not likely to occur in the reasonably foreseeable future.  Upon a showing that removal is not likely to occur, Respondent must produce evidence to rebut that showing.  Respondent has satisfied this shifting burden.  Petitioner has been detained in post-removal order custody for approximately nine months.  Respondent has indicated that Petitioner's removal is to occur within the next ten days and there are no alleged impediments to his deportation.  As Petitioner's repatriation appears not only foreseeable but imminent, it is clear that his current detention pending removal does not violate his liberty interest.  *See Talledo-Acosta v. Gonzales*, 2007 WL 708877, at *1 (D. N.J. 2007)

(alien does not meet burden under *Zadvydas* where deportation appears imminent); *see also Darwishahmed v. Warden Federal Detention Center Oakdale*, 2008 WL 4450276 (W. D. La. 2008).

## Conclusion

The Court will dismiss the Petition for Writ of Habeas Corpus.  A separate Order follows.


Date: September 2, 2009                               _____/s/_____
                                                                              RICHARD D. BENNETT
                                                                              UNITED STATES DISTRICT JUDGE